CITED in *Mittnight* v. *Smith*, 2 *C. E. Gr.* 262; *Bigelow Blue Stone Co.* v. *Magee*, 12 *C. E. Gr.* 393.

---

## Between ABRAHAM SHERIDAN et al., appellants, and JOSEPH T. MEDARA et al., respondents.

A participation in the profits of business constitutes a partnership as to third persons: so where the evidence in the cause showed to a reasonable degree of certainty that one was to share in the profits of a business carried on in the name of another, it established the partnership.

Although the business be carried on in the name of one alone, and neither suppose that they are partners, although they did not intend to become partners, and, as between themselves, were not partners, yet the law may hold them liable as partners as to third persons upon an agreement to share in the profits.

Where money was loaned at six per cent., but in case the debtor's business succeeded, he was to pay twenty-five per cent., such contract, though usurious as to the borrower, as to third persons made the debtor and creditor partners.

The objection to a witness on the ground of incompetency on account of his being a partner, not made until after the direct examination, is not well taken in point of time. A party cannot speculate by waiting to discover

whether the testimony of a witness is favorable or unfavorable, and then interpose his objection at pleasure. WILLIAMSON, C.

This cause was argued in the Court of Chancery, in the term of February, 1855, by *Mercer Beasley*, solicitor and of counsel with complainants, and *Isaac W. Lanning*, solicitor and of counsel with defendants.

The bill alleges, that one John P. Combs, of the city of Trenton, in the state of New Jersey, being indebted to complainants in the sum of one hundred and seventy-six dollars and thirty-three cents, for certain goods and merchandise sold and delivered by them to him, they, on the twenty-fourth day of September, in the year of our Lord one thousand eight hundred and fifty-three, obtained a judgment against the said John P. Combs for the said amount, together with the sum of four dollars, costs of suit, in an action of debt in the Mercer County Circuit Court, and thereupon, on the same day, caused an execution to be issued to the sheriff of the county of Mercer aforesaid, commanding him to levy and make the said debt and costs out of the goods and chattels of the said John P. Combs in his county, and also to do certain other things in the said writ set forth ; that on the twenty-fourth day of September aforesaid, and for a considerable period before, the said John P. Combs was in the possession of a certain stock of ready-made clothing, of about the value of twelve hundred dollars, and which said stock was deposited in a store in Greene street, in the city of Trenton, in which the said Combs had been carrying on business as a retailer of articles of ready-made clothing ; that the sheriff of the said county of Mercer, to whom complainants' execution was delivered as aforesaid, levied the same on the said stock of clothing, on or about the date of the said judgment, and made an inventory of the said stock, and attached it to the said execution, as will more fully appear by the said writ of execution and the said inventory, &c., that they have discovered that the said stock of goods was, at the time of the said levy being made, as

above stated in their behalf by the said sheriff, subject to a certain execution and levy, and which said last mentioned execution had been issued out of the Supreme Court of the state of New Jersey, and was founded on a judgment entered on the twenty-first day of September, in the year of our Lord one thousand eight hundred and fifty-three, in favor of one Abraham Sheridan against the said John P. Combs for the sum of seventeen hundred and two dollars and fifty-four cents debt, and the sum of four dollars costs of suit, the said judgment being entered on a certain bond, bearing date the day and year aforesaid, in the penalty of the said sum of debt aforesaid, and conditional for the payment, on demand, of the sum of eight hundred and fifty-one dollars and seventy-seven cents, given by the said John P. Combs to the said Abraham Sheridan ; that the same goods and chattels are levied on by virtue of the execution last aforesaid as are levied on by virtue of the execution issued on the judgment of your orators, and if the same be a valid lien, it is in all respects prior and superior to that of your orators ; that the said sheriff, by force of and in obedience to the command of the said execution issued on the judgment in favor of the said Abraham Sheridan, has advertised according to law the said stock of goods for sale on the twenty-ninth day of September, instant, and complainants believe it is his intention to sell on that day ; that if the said sale takes place, and the proceeds thereof shall be applied, after reserving to the said John P. Combs, who is a debtor, having a family resident in this state, such portion of the said stock as the laws of this state exempts to the payment of the judgment of the said Sheridan, there will be left little or nothing to be appropriated to the satisfaction of the said judgment debt ; that the said John P. Combs has no other property, either real or personal, out of which the said sums of money due and unpaid on the judgment of your orators can be levied and made, either in whole or in part, and they further believe that the said John P.

Combs is altogether insolvent ; that from the information acquired by them, they have reason to believe, and do believe, and therefore charge, that the said judgment above referred to, entered by the said Abraham Sheridan in the said Supreme Court, is altogether fraudulent and void, as against them and the other creditors of the said John P. Combs, and they show, to justify this belief, and charge the following facts : that on or about the ——— of ———, in the year of our Lord one thousand eight hundred and fifty ———, the said Abraham Sheridan entered into an arrangement with the said John P. Combs to this effect : that they should enter into the business of retailing readymade clothing in the city of Trenton, and that he, the said Sheridan would find and put in the stock, or the greater part thereof, but should give no personal attention to the said business, neither should his name appear as a party in interest therein ; and in lieu of said advance on the part of the said Sheridan, he, the said John P. Combs, should give his whole time and personal attendance in selling out and retailing the said clothing, the profits to be divided in certain proportions (but in what precise ratio they have not been able to discover) between the two ; that upon this agreement, or some other agreement substantially similar, the said Abraham Sheridan and the said John P. Combs entered on the said business, and carried the same on in conformity to said agreement, or with slight variations therefrom, until the entering up of the said judgment in favor of the said Sheridan against the said Combs ; that from the time of entering upon the said business to the cessation thereof, as above stated, the said Abraham Sheridan received his share of the profits of the said joint business, in accordance with his stipulation to that effect ; that on the said twenty-first day of September, instant, or about that time, the said Abraham Sheridan, under the belief that his connection with the said business was unknown, persuaded and procured the said John P. Combs to execute to him the said bond, in the penalty of seven-

teen hundred and three dollars and fifty-four cents, con-
ditioned for the payment of the sum of eight hundred
and fifty-one dollars and seventy-seven cents on demand,
together with a warrant of attorney to enter up judgment
thereon, but the only consideration for said bond was, as
complainants have been informed and believe, the sum of
money which the said stock, or some portion of it, origi-
nally cost, and which was purchased as aforesaid by the
said Sheridan, as his venture in the said business, and
that even this sum, for which the judgment bond was
given, was more than the said Sheridan had put into said
concern; that besides his share of the profits of the said
business, the said Abraham Sheridan has now in his hands
the sum of three hundred and thirty-five dollars, which
is part of the earnings of the said partnership, and which
the said Abraham Sheridan received from his said part-
ner, John P. Combs, for the purpose of paying off some
of the debts due from the said partnership, but which he
now refuses to appropriate in that way, but holds the same
as his own money; that the said Abraham Sheridan, with
great care and contrivance, kept secret his connection
with the said business, holding out the idea that the said
John P. Combs was solely interested and engaged therein,
and that although he knew the said Combs was altogether
irresponsible in a pecuniary point of view, he always held
out to the public, and particularly to the merchants in Phil-
adelphia, that he, said Combs, had property, and could be
safely credited.

The bill charges that the said judgment entered up on
the said bond and warrant of attorney by the said Abra-
ham Sheridan against the said John P. Combs is void, as
against the judgment lien of your orators, and should be
set aside, or at all events postponed to said lien.

The prayer of the bill is as follows: and that the said
judgment of said Sheridan against said John P. Combs
may be set aside or postponed to that of your orators, or
that your orators' judgment may be paid out of the said

2 R*

money in the hands of the said Abraham Sheridan, and that a writ of injunction may be issued out of this honorable court, directed to said sheriff of the said county of Mercer, the said William Boswell, enjoining him from paying over the proceeds of the sale of the said stock, or any part thereof, to the said Abraham Sheridan, or to any one in his behalf, and commanding him to retain the same in his hands until the further order of this court in the premises, and that the moneys due on the said judgment of your orators may be ordered to be first paid out of the said moneys, and for further relief.

At the term of May, 1855, a decree was made in favor of the complainant. From this decree an appeal was taken. The Chancellor furnished the court with the following opinion, as containing the reasons for his decree.

WILLIAMSON, C. The question is, whether Sheridan was a partner of John P. Combs? If he was, then the judgment confessed by Combs to Sheridan was fraudulent as against the complainants, who are subsequent judgment creditors. It makes no difference as to the rights of the complainants in respect to the judgment of Sheridan, that the complainants' judgment is against Combs alone. They are not concluded by this fact from showing that Sheridan was a partner. It is true they contracted their debt with Combs, and obtained judgment against him alone. The complainants allege, that when they obtained their judgment, they were not aware of the fact of Sheridan's connection in business with Combs. Sheridan now denies that he was a partner. He procured Combs to confess a judgment to him for advances he alleges he had advanced in the business. If he was a partner, he has no right to appropriate the partnership property to satisfy his judgment to the exclusion of other creditors : it is a fraud upon them to permit him to do so.

The partnership is proved by Combs and by H. B. Hutchins. If they are competent witnesses, and their testimony entitled to credit, then Sheridan was a partner,

and his judgment must be postponed to that of the complainants.

Their competency is objected to.   I think they are both competent witnesses.   The objection to Combs is on account of his being a partner.   The objection was not well taken in point of time.   It was not made until after the direct examination.   A party cannot speculate by waiting to discover whether the testimony of a witness is favorable or unfavorable, and then interposes his objection at pleasure. He is bound to make his objection as soon as he is made acquainted with the position of the witness.   In this case the defendant knew the position of the witness, as to interest, when he was first put upon the stand.   The bill was filed on the ground that Combs and Sheridan were partners.   This was the foundation of the suit, and yet the defendant reserved his objection until the complainants had closed with the witness.   It was then too late to make the objection.   But Combs has no interest. Sheridan has a judgment against Combs, and so has the complainants.   They are both confessed judgments.   Combs cannot question either of them.     Both parties are his judgment creditors, and the only question involved in this controversy is as to the *priority* of the judgments.   It can make no difference to Combs, whatever may be the result of this suit.     One of the judgments will be reduced by the application of his property, and it cannot affect his liability or interest in any way as to which of the two judgments such application is made.   Hutchins testifies that he was a partner also, and he is objected to on that account.   The objection to this witness was also made too late.     I cannot, however, see how he is interested in the result in this case. It can make no difference to him which judgment takes the property.

Are these witnesses credible ?   Their general character is not impeached.   It is said that the facts they state are contradicted by other credible witnesses.     It is true Combs is contradicted in some particulars.   It is proved that he

represented himself as alone interested in the business, and denied that Sheridan was a partner; but these representations are consistent with his whole story. He says that it was the agreement that Sheridan was not to be known as a partner, and that the representations made by him were made at the particular request of Sheridan. He is corroborated by Hutchins and by many circumstances in the case. I do not feel justified in throwing out the testimony of these witnesses. Hutchins is not contradicted on any material matter. Both witnesses state facts establishing beyond a doubt that Sheridan was a partner. From the very character of the dealings of the parties, they alone were cognizant of those facts. It is not one single fact to which they testify, but to particulars of various kinds going to establish the point in controversy. These men are well known in the community; they are men of business; they have had large dealings in the community. It can hardly be credited that they could manufacture the story they have told, unless they are men utterly destitute of moral principle, and yet their general character for truth and varacity has not been impeached. I have no right to discredit them; and, as I said before, relying upon their evidence, the complainants have proved their case beyond a doubt.

I am of opinion that the complainants have established the case made by their bill, and that their judgment is entitled to priority, the complainants' cost of this suit to be first paid out of the fund.

The appeal was argued at November term, 1855, by

*W. Halsted,* for the appellant.

*M. Beasley,* for respondents.

The opinion of the court was delivered at the same term, by

GREEN, C. J. The only point relied upon by the appellant for reversal in this case is, that the partnership alleged in the bill to exist between Combs, the defendant in execution, and Sheridan, the appellant, is not sufficiently proved.

The rule, that a participation in the profits of business constitutes a partnership as to third persons, is not questioned. The only inquiry is, does the evidence in the cause show to a reasonable degree of certainty that Sheridan was to share in the profits of the business carried on in the name of John P. Combs. If it does, the partnership is established. The fact is expressly sworn to by two witnesses, called on the part of the defendant. The *competency* of these witnesses is not denied. It is insisted, however, that their credibility is impeached by facts stated by themselves and proved by other witnesses.

The fact mainly relied on as impeaching the credibility of Combs is, that he repeatedly stated during the continuance of the business, that he was carrying it on alone, and that Sheridan was not a partner. But that fact is perfectly consistent with the integrity and veracity of the witness. There was no agreement for a partnership between the parties. The contract in form was a loan of money. Combs was a borrower. Sheridan was a lender. He held a judgment bond for every dollar advanced by him. The business was carried on in the name of Combs. Probably neither Combs nor Sheridan supposed they were partners. They did not intend to become partners ; as between themselves, they were not partners. The law, indeed, holds them liable as partners to third persons, upon an agreement to share in the profits. But that is a legal consequence of the contract, of which both partners may well have been, and of which Combs swears that he was entirely ignorant. His saying, therefore, that Sheridan was not his partner, and that he was carrying on business on his own account, ought not to be regarded as any impeachment of his character for veracity.

It is said again, that his evidence was prompted by malevolence. He may, and probably did testify under the influence of strong feeling. The same fact may be true of Hutchins, the witness by whom he is principally corroborated. This fact requires that their evidence should be carefully scrutinized, but will not warrant its rejection as incredible. Their evidence, moreover, is corroborated by facts and circumstances stated by others. The weight of the evidence is decidedly in support of the case made by the bill. The fact that Sheridan was to participate in the profits of the business, and consequently his liability as a partner to third persons is sufficiently established.

But if the evidence on the part of the complainant be utterly incredible, the case proved by one of the witnesses on the part of the appellant himself establishes his liability as a partner, and the right of the complainant to a decree against him. The case, as proved by the appellant, is that he loaned the money to Combs, for which he was to receive twenty-five per cent. in case Combs succeeded in business; in other words, he was to receive nineteen per cent. per annum out of the profits of the business over and above the legal rate of interest. The better opinion is, that such contract, though usurious as to the other party, as to third persons made Sheridan a partner with the borrower, and liable, as such, for the debts of the firm. 2 *W. Blac.* 999, *Bloxom* v. *Peel ;* 1 *Parsons on Con.* 134.

A court of equity would surely never permit Sheridan, himself holding a judgment for his loan, the validity of which is unimpeached, to set up his own usury in avoidance of his liability as a partner to the *bona fide* creditors of the concern.

There is no such material or essential difference between the allegations and proofs as to prejudice the complainants' right of recovery. The material averment in the bill is, that the appellant is liable as a partner of Combs, by reason of his participation in the profits of the

business.   The precise share of profits received by Sheri-dan, or the time of receiving of it, is not material.

The decree of the Chancellor should be affirmed with costs.

The decision was affirmed by the following vote :

*For Affirmance*—CHIEF JUSTICE, Judges ARROWSMITH, HUYLER, RISLEY, VREDENBURGH, CORNELISON, HAINES, POTTS, VALENTINE, WILLS.

*For reversal*—None.